UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATHANIEL RODRIGUEZ,

    Plaintiff,

v.                              Case No: 5:20-cv-111-Oc-39PRL

FEDERAL BUREAU OF PRISONS
DIRECTOR,

    Defendant.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Nathaniel Rodriguez, a federal prisoner, initiated this case by filing an emergency motion for injunctive relief (Doc. 1; Motion). Plaintiff has not filed a civil rights complaint.

Plaintiff asserts he is transgender and being forced to live in extremely hostile and depraved conditions in the special housing unit at Coleman II. See Motion at 2. As an example, Plaintiff says other inmates drugged and raped him on March 6, 2020.[1] Id. at 4. Plaintiff further contends he and other transgender inmates are denied access to the law library and, therefore, unable to obtain forms to report rape incidents under the Prison Rape Elimination Act (PREA). Id. at 2. As relief, Plaintiff asks that (1) prison officials "consider [his] cell-mate," (2) the inmates who raped

---

[1] Given Plaintiff's allegations, the Court issued an "Order Regarding Emergency Motion" (Doc. 2), which the Clerk sent to the Warden of USP Coleman II.

him be charged, (3) the administration be investigated, and (4) he be able to access grievance forms. Id. at 3.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Plaintiff does not carry his burden to demonstrate injunctive relief is warranted. Importantly, Plaintiff does not comply with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. See M.D. Fla. R. 4.05(b)(1)-(4), 4.06. Plaintiff has not filed a complaint or

qualifying affidavits, nor has he submitted a memorandum of law demonstrating injunctive relief is warranted.

Even if Plaintiff had complied with the Local Rules, the relief he seeks relates solely to matters of prison administration, an area in which courts are reluctant to interfere. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). Moreover, neither this Court nor Plaintiff can initiate a criminal investigation into alleged unlawful actions by prison staff or inmates. See Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.").

To the extent Plaintiff is attempting to raise claims regarding the conditions of his confinement, he may file a civil rights complaint using the Court-approved form.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice.**

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form and an Affidavit of Indigency form. If Plaintiff chooses to initiate a civil rights action, he should not place this case number on the forms because the Clerk will assign a separate case number upon receipt.

5. The **Clerk** shall send a copy of this Order to the Warden of USP Coleman II for any action that may be warranted.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Nathaniel Rodriguez